Colby B. Springer (Bar No. 214868)
cspringer@polsinelli.com
POLSINELLI *LLP*
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: 415.248.2100

Melenie Van (Bar No. 335203)
mvan@polsinelli.com
POLSINELLI *LLP*
2049 Century Park East, Suite 2900
Los Angeles, CA  90067
Telephone: 310.556.1801

Kate W. McKnight (Bar No. 264197)
kmcknight@pirkeybarber.com
Travis Wimberly (*Pro Hac Vice* Pending)
twimberly@pirkeybarber.com
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
Telephone: 512.322.5200

Attorneys for Plaintiff
AGI House, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AGI HOUSE, LLC, | Case No. 3:25-cv-05773 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER FEDERAL AND CALIFORNIA LAW** |
| JEREMY NIXON, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff AGI House, LLC ("Plaintiff" or "AGI House"), by and through its counsel, brings this action against Defendant Jeremy Nixon ("Defendant") and alleges as follows:

1.    This action arises from unauthorized use and misappropriation of the Plaintiff's trade name and mark AGI HOUSE by Defendant Jeremy Nixon. Defendant uses Plaintiff's mark in connection with business incubator and business networking services ("Defendant's Services").

2.    By using an identical trade name and mark, Defendant has caused actual confusion and will likely continue to cause confusion that AGI House is the source or sponsor of Defendant's Services, or that there is an association between Plaintiff AGI House and Defendant.  Consequently, Plaintiff AGI House seeks injunctive relief and damages under the federal Lanham Act (15 U.S.C. §§ 1051, *et seq*.), the California Business and Professions Code, and the common law doctrines of passing off and unfair competition.

## II. <u>JURISDICTION</u>

3.    This Court has personal jurisdiction over Defendant because Defendant conducts or has conducted business, as well as advertised and promoted Defendant's Services, under the AGI HOUSE mark and/or AGI HOUSE SF mark in the State of California and within this judicial district; the effects of those acts have been felt in this district.  Defendant is also a resident of this District and the San Francisco Division.

4.    This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  Plaintiff AGI House's claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq*.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims

occurred in this district, Defendant is subject to this Court's personal jurisdiction, and was subject to this Court's personal jurisdiction at the time this action was commenced.

## III. **INTRADISTRICT ASSIGNMENT**

6.    Because this action involves intellectual property rights, it is exempt from the Court's division-specific venue rule pursuant to Civil L.R. 3-2(c) and General Order No. 44 Assignment Plan.

## IV. **PARTIES**

7.    Plaintiff AGI House, LLC is a California limited liability company having its principal place of business at 1868 Floribunda Avenue, Hillsborough, California.  Plaintiff AGI House is the senior user and owner of the AGI HOUSE mark and trade name used in connection with its venture capital services, business advisory services, business incubator and accelerator services, and business networking services offered in the Northern District of California and throughout the United States (the "AGI HOUSE Mark").

8.    On information and belief, Defendant is an individual both residing and doing business at 170 Saint Germain Avenue, San Francisco, California.   On information and belief, Defendant runs a hacker house under the AGI HOUSE and/or AGI HOUSE SF marks, and promotes its services online at agihouse.ai.   On information and belief, Defendant targets consumers nationwide via its website, including consumers in California, and has consumers in this district.

## V. **FACTS**

### A.    **PLAINTIFF'S BUSINESS AND MARKS**

9.    Plaintiff AGI House, LLC is a community, fellowship, and venture-capital fund dedicated to empowering the world's most talented artificial intelligence ("AI") founders and researchers.  AGI House supports early-stage AI innovators by offering an ecosystem that combines ongoing community engagement, selective funding, and fellowship programming to accelerate progress toward advanced AI

technologies.  AGI House also organizes regular AI-focused hackathons that bring together around 100-200 founders, researchers, and builders to collaboratively develop working AI prototypes over short, intense periods.  AGI House hackathons are often co-hosted with industry partners such as AMD, OpenAI, Google, Amazon, Anthropic; government-focused programs such as the Special Competitive Studies Project; and educational institutions such as Stanford University, the Massachusetts Institute of Technology, and George Mason University.

10.    AI founders, researchers, and builders also flock to AGI House to attend networking dinners and events featuring guest speakers.  AGI House creates unique opportunities for the AI community to test AI ideas in a live, collaborative setting.

11.    AGI House offers and since its inception has offered the aforementioned services under the AGI HOUSE Mark and trade name.

12.    AGI House is a single-member limited liability company.  AGI House was founded by Rocky Yu, a tech entrepreneur.  Rocky Yu previously founded augmented reality storytelling startup Piki Inc. and operated the 35C Fund before launching AGI House, LLC.

13.    In late 2022, Rocky Yu was notified of an opportunity to take over a hacker house named NeoGenesis at 1868 Floribunda Avenue in Hillsborough, California.

14.    Defendant co-founded NeoGenesis in February 2022.  On information and belief, NeoGenesis offered its services online at neogenesishouse.com (the "NeoGenesis Website").  The NeoGenesis Website previously indicated that it is a "community house and space for some of the most exceptional founders, researchers, scientists, and technologists in Hillsborough, CA."  Attached hereto as **Exhibit A** is an archived screen capture of the NeoGenesis Website at https://www.neogenesishouse.com/community as accessed on May 30, 2025.

15.    Defendant Jeremy Nixon co-signed a lease for the property at 1868 Floribunda Avenue in January 2022 and helped start NeoGenesis as an "epic

experiment." NeoGenesis hosted hackathons, parties, and lavish events. On information and belief, the NeoGenesis house had earned a reputation as a party house, and the parties at NeoGenesis house generated complaints from the Hillsborough city attorney.

16.    In December 2022, and on information and belief, due to the financial strain caused by renting the $58 million house at 1868 Floribunda Avenue and unable to manage the complaints from Hillsborough town officials, Defendant decided to walk away from his role at the NeoGenesis house to focus on building his company, Omniscience.

17.    On information and belief, the services provided by Defendant at the house at 1868 Floribunda Avenue were always offered under the NeoGenesis name.

18.    On information and belief, between January 2022 and January 2023, the sub-tenants of 1868 Floribunda Avenue and guests attending events hosted by Defendant referred to the house as "NeoGenesis."

19.    In December 2022, Rocky Yu began handling operation of the house located at 1868 Floribunda Avenue.

20.    On January 20, 2023, Rocky Yu announced the transition from the NeoGenesis house to AGI HOUSE in a welcome email distributed to the current sub-tenants of the house located at 1868 Floribunda Avenue. The email specifically noted that they are "leaving NeoGenesis behind."

21.    On information and belief, as of January 20, 2023, Defendant had not used the AGI HOUSE mark or name in commerce in connection with any of the services provided at the 1868 Floribunda Avenue house.

22.    As of January 20, 2023, Rocky Yu was not aware of any attempt by Defendant to use the AGI HOUSE mark or name in connection with the services provided at the 1868 Floribunda Avenue house.

23.    Effective February 1, 2023, Rocky Yu entered into a sublease agreement as a tenant of the 1868 Floribunda Avenue house.

24.    Effective February 1, 2023, Rocky Yu and Omni Research, one of Defendant's companies, entered into a sublease agreement by which Omni Research became a sub-tenant of the 1868 Floribunda Avenue house.

25.    By February 2023, Rocky Yu had begun using the AGI HOUSE Mark in connection with services provided at the 1868 Floribunda Avenue house, including business advisory services, business incubator and accelerator services, business networking services, organizing networking events, various business consulting, management, and planning services, and various venture capital services (the "AGI HOUSE Services").  The tenants of the 1868 Floribunda Avenue house worked together to organize many of the events held on the property.  Rocky Yu maintained control of the AGI HOUSE Mark by requiring his final approval of all events and all guests invited into the AGI House community.  Between February 2023 and his departure in July 2023, Defendant participated significantly less in AGI House events held at the 1868 Floribunda Avenue house compared with other tenants.

26.    On March 4, 2023, Rocky Yu registered the domain agihouse.org, where AGI House promotes the AGI HOUSE Services to date.  AGI House also promotes the AGI HOUSE Services through its AGI HOUSE accounts on social media platforms such as X, where it has nearly 20,000 followers; Instagram, where it has over 5,000 followers; and LinkedIn, where it has over 3,000 followers.

27.    On May 23, 2023, Rocky Yu formed AGI House, LLC by filing Articles of Organization with the State of California, appointing himself as agent and manager of the company.

28.    Since its inception in early 2023, AGI House has evolved into a premier AI community, hosting elite hackathons, themed build days, and weekly intellectual gatherings featuring prominent luminaries and leading backers in the AI industry, all under the AGI HOUSE Mark and trade name.  In fact, AGI House has hosted over 72 hackathons and 40 AI dinner events in connection with the AGI HOUSE

Mark, and the AGI HOUSE AI community has grown to include over 10,000 members.

29.    In June 2023, AGI House hosted a hackathon with the VC firm Lerer Hippeau in New York City, attracting nearly 200 participants with a waitlist of around 500 engineers.  AGI House's events offered in the San Francisco Bay Area are similarly oversubscribed.  The Special Competitive Studies Project and AGI House have partnered on hackathons to develop solutions for government applications and co-hosted a hackathon for over 200 participants at the AI+ Expo in Washington, D.C. from June 2, 2025 through June 4, 2025.  Notable guest speakers at AGI House events include Sergey Brin, co-founder of Google; Eric Schmidt, former CEO of Google; Grimes; Alex Pall from the Chainsmokers; and representatives from Greylock Partners, Sequoia Capital, and Kleiner Perkins.

30.    Business Insider has referred to AGI House as "the Bay's Hottest AI Hacker House."  Forbes recognizes AGI House as a "center of gravity for the AI community's entrepreneurial universe."  And Google executive Sebastian Thrun has compared AGI House to the Homebrew Computer Club, the 1970s hobbyist group where electronics enthusiasts such as Steve Jobs and Steve Wozniak gathered to build the foundations of personal computing.

31.    The AGI House ecosystem has also significantly expanded its venture capital services, offering early-stage funding and support to AI startups emerging from the community and events.

32.    Through its substantially exclusive and continuous use of the AGI HOUSE Mark and trade name, the AGI HOUSE Mark has become distinctive of Plaintiff's services (i.e., the AGI HOUSE Services) and distinguishes the source or origin of Plaintiff's services.  As a result of these efforts, Plaintiff has established valuable goodwill in its AGI HOUSE Mark across the nation.

33.    As a result of Plaintiff's prominent use and promotion of the AGI HOUSE Mark, Plaintiff has acquired at the very least valuable nationwide common

law rights in the AGI HOUSE Mark.

**B.    DEFENDANT'S INFRINGING ACTIVITIES**

34.    Defendant left the 1868 Floribunda Avenue house in July 2023.  Rocky Yu indicated at that time he had no issue with Defendant starting his own hacker house.  Rocky Yu on behalf of AGI House further indicated that Defendant could not refer to the new house as AGI HOUSE.

35.    By the time Defendant's tenancy at the 1868 Floribunda Avenue house had come to an end, Defendant was well aware of Plaintiff's use of the AGI HOUSE Mark in connection with the AGI HOUSE Services.

36.    On information and belief, after Defendant saw the success that AGI House was enjoying under the AGI HOUSE Mark, he began in January 2024 a new hacker house in San Francisco and called it AGI HOUSE SF.  On information and belief, Defendant did so in an attempt to free ride off of the goodwill Plaintiff had established in its AGI HOUSE Mark.

37.    On information and belief, Defendant never used the AGI HOUSE Mark in commerce before leaving the 1868 Floribunda Avenue house and establishing the AGI HOUSE SF hacker house in January 2024.

38.    Defendant has since dropped the "SF" portion of the AGI HOUSE SF mark and is now using Plaintiff's identical mark AGI HOUSE for its business incubator and networking services.  Defendant's website at agihouse.ai further blurs the distinction between the AGI HOUSE Services and Defendant's Services, indicating that its locations include "SF. Hillsborough," and featuring a video from one of Plaintiff's AGI HOUSE events at the 1868 Floribunda Avenue house.

**C.    PROCEEDINGS BEFORE THE TRADEMARK OFFICE**

39.    On January 10, 2024, Rocky Yu filed Trademark Application Serial No. 98350586 with the United States Patent and Trademark Office ("USPTO") for the AGI HOUSE Mark ("Plaintiff's Trademark Application").  The goods and services identified in that application were for "business advisory services; business

incubator and accelerator services, namely, providing workspace containing business equipment to early stage businesses; business networking services; organizing business networking events in the field of venture capital funding, technology; business networking services, namely, matching potential private investors with early-stage businesses needing funding; business consulting, management, and planning services in the field of early-stage businesses, technology; assistance, advisory services and consultancy with regard to business planning, business analysis, business management, business organization, marketing and customer analysis" in Class 35. The goods and services identified in that application further included "venture capital services, namely, providing financing to emerging and start-up companies; providing venture capital, development capital, private equity and investment funding" in Class 36 on a "use" basis under 15 U.S.C. § 1051(a). Plaintiff's Trademark Application claims that Rocky Yu first used the AGI HOUSE Mark in commerce in connection with the applied-for services in February 2023.

40.    Just over one month later, on February 21, 2024, Defendant filed Trademark Application Serial No. 98412996 with the USPTO for the AGI HOUSE mark ("Defendant's Trademark Application"). Defendant's Trademark Application identified the exact same services (indeed, verbatim) listed in Plaintiff's Trademark Application. Defendant's Trademark Application falsely claims he first used the AGI HOUSE mark in commerce in connection with the applied-for services on October 31, 2022.

41.    Defendant's Trademark Application was preliminarily refused registration due to, *inter alia*, (1) a likelihood of confusion with the mark appearing in Plaintiff's prior-filed Trademark Application; and (2) Defendant's failure to show that he has used the AGI HOUSE mark in connection with the applied-for services.

42.    On information and belief, Defendant was aware of Plaintiff's Trademark Application before filing Defendant's Trademark Application.

104665489.1

43.     On information and belief, Defendant is not using the AGI HOUSE mark in connection with all of the services listed in Defendant's Trademark Application.

44.     On information and belief, as of February 21, 2024, Defendant was not using the AGI HOUSE mark in connection with all of the services listed in Defendant's Trademark Application.

45.     Plaintiff's Trademark Application matured to Trademark Registration No. 7582685 on November 26, 2024 in the name of AGI House, LLC, and is registered on the Supplemental Register ("Plaintiff's AGI HOUSE Registration"). This registration is valid and subsisting. A true and correct copy of this registration is attached hereto as **Exhibit B**.

46.     On March 11, 2025, Defendant filed a Petition to Cancel Plaintiff's AGI HOUSE Registration with the USPTO's Trademark Trial and Appeal Board ("TTAB"), Cancellation No. 92087769 (the "TTAB Cancellation Proceeding"). In the TTAB Cancellation Proceeding, Defendant claims priority and a likelihood of confusion with Defendant's AGI HOUSE mark as grounds for cancellation. Specifically, Defendant alleges that (1) the parties' marks are identical in sight, sound, and meaning; and (2) the parties' services offered under the AGI HOUSE marks are identical in scope.

47.     Defendant's Trademark Application is currently suspended pending disposition of the TTAB Cancellation Proceeding.

48.     The TTAB Cancellation Proceeding is currently pending at the time of filing of this Complaint. Promptly after the filing of this complaint, Plaintiff intends to move the TTAB to suspend the TTAB Cancellation Proceeding pending disposition of this civil action under 37 C.F.R. § 2.117(a).

## D.     EFFECT OF DEFENDANT'S ACTIVITIES

49.     Defendant walked away from his leadership role in the AI community at the 1868 Floribunda Avenue house in January 2023. Defendant resurfaced one

year later with a new Bay Area hacker house eighteen miles away called AGI HOUSE SF. During that intervening time, Plaintiff had invested heavily in its AGI HOUSE Mark, held numerous AI hackathons and build days, and developed relationships with venture firms, the San Francisco Bay Area AI community, and policy institutes.

50.    Defendant's use of an identical mark for identical services has caused widespread confusion among the public, as noted by prominent publications such as Business Insider and Forbes. In several instances, Defendant's use of an identical mark for identical services has caused actual confusion among attendees of Plaintiff's events offered under the AGI HOUSE Mark.

51.    Plaintiff has gone to great lengths to distance itself from the party house image Defendant created under NeoGenesis. Plaintiff does not want to be associated with Defendant or Defendant's image.

52.    Some of Plaintiff's potential customers have expressed to Plaintiff that they do not want to be affiliated with "AGI House" due to Defendant's image and Defendant's use of an identical mark. As a result of the false association created by Defendant's use of an identical mark for identical services, Plaintiff has been denied significant investment opportunities.

53.    Plaintiff has plans to expand to other locations and grow its business. Plaintiff first wants to clarify and confirm its right to use its AGI HOUSE Mark before investing in it further.

54.    Plaintiff also seeks to stop and redress the damage caused by Defendant's ongoing infringement and resulting consumer confusion.

## VI.  <u>CAUSES OF ACTION</u>

### FIRST CAUSE OF ACTION
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

55.    Plaintiff repeats the allegations of paragraphs 1-54 above as if fully set

forth herein.

56.     Plaintiff is the senior user of the AGI HOUSE Mark and trade name. Plaintiff owns common law rights in the AGI HOUSE Mark as well as U.S. Trademark Registration No. 7582685 for the AGI HOUSE Mark.

57.     The AGI HOUSE Mark is at least suggestive when used in connection with the AGI HOUSE Services and is thus inherently distinctive of Plaintiff.

58.     Through Plaintiff's substantially exclusive and continuous use of the AGI HOUSE Mark and extensive marketing efforts, the AGI HOUSE Mark has also become distinctive through acquisition of secondary meaning.

59.     On information and belief, Defendant was aware of AGI House's business and its AGI HOUSE Mark and trade name prior to his adoption and use of the AGI HOUSE and AGI HOUSE SF marks.

60.     Defendant had actual notice and knowledge of AGI House's ownership and use of the AGI HOUSE Mark and trade name prior to his adoption and use of the AGI HOUSE and AGI HOUSE SF marks.

61.     Defendant is using the AGI HOUSE and AGI HOUSE SF marks in connection with the offering and promotion of Defendant's Services without AGI House's consent, and with knowledge of AGI House's prior rights.

62.     On information and belief, Defendant's actions constitute willful, deliberate, and intentional infringement of Plaintiff's federally registered trademark.

63.     Such unauthorized use of the AGI HOUSE Mark and trade name falsely indicates to consumers that Defendant's Services are in some manner connected with, sponsored by, affiliated with, and/or related to Plaintiff or the AGI House Services.

64.     Such unauthorized use of the AGI HOUSE and AGI HOUSE SF marks and trade names has caused actual consumer confusion—and is likely to continue to cause consumers to be confused in the future—as to the source, nature, and quality of the services Defendant is promoting and offering.

104665489.1

65.     Such unauthorized use of the AGI HOUSE and AGI HOUSE SF marks in connection with the offering of Defendant's Services will continue to allow Defendant to receive the benefit of the goodwill established at great labor and expense by AGI House and to gain acceptance of Defendant's Services not based on the merits of those services, but on AGI House's reputation and goodwill.

66.     Such unauthorized use of the AGI HOUSE and AGI HOUSE SF marks in connection with the promotion and offering of Defendant's Services deprives AGI House of the ability to control the consumer perception of the quality of the services marketed under the AGI HOUSE Mark, and places AGI House's valuable reputation and goodwill in the hands of others over which AGI House has no control.

67.     Defendant's actions thus constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

68.     AGI House has been, is now, and will be irreparably injured and damaged by such trademark infringement, and unless enjoined by the Court, AGI House will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which AGI House has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

69.     Plaintiff repeats the allegations of paragraphs 1-54 and 55-68 as if fully set forth herein.

70.     Such unauthorized use of the AGI HOUSE Mark and trade name falsely suggests that Defendant's Services are connected with, sponsored by, affiliated with, and/or related to Plaintiff or the AGI HOUSE Services, and constitutes a false designation of origin in violation of 15 U.S.C. §1125(a).

71.     As a result of Defendant's unauthorized use of the AGI HOUSE Mark and trade name, Defendant has caused a false connection between Plaintiff, Defendant, and the parties' respective services.

104665489.1

72.    AGI House has been, is now, and will be irreparably injured and damaged by the aforementioned acts, and unless enjoined by the Court, AGI House will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which AGI House has no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**SERVICE MARK AND TRADEMARK INFRINGEMENT UNDER**
**CALIFORNIA LAW**
**(CAL. BUS. & PROF. CODE § 14245)**

73.    Plaintiff repeats the allegations of paragraphs 1-54, 55-68, and 69-72 as if fully set forth herein.

74.    Defendant's unauthorized use of the AGI HOUSE and AGI HOUSE SF marks and trade names in connection with the sale, offering for sale, distribution, or advertising of Defendant's Services is likely to cause confusion or mistake or to deceive as to the source or origin of Defendant's Services in violation of California Business and Professions Code § 14245.  Through Defendant's unauthorized use of the AGI HOUSE and AGI HOUSE SF marks and trade names, consumers are likely to believe that Defendant's Services are in some way connected with, approved by, sponsored by, and/or endorsed by Plaintiff.

75.    Upon information and belief, such infringement has been intentional on the part of Defendant, with Defendant's knowledge of Plaintiff's prior rights.

76.    Plaintiff has been, is now, and will be irreparably injured and damaged by the aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(CAL. BUS. & PROF. CODE § 17200)**

77.    Plaintiff repeats the allegations of paragraphs 1-54, 55-68, 69-72, and 73-76 as if fully set forth herein.

78.    The acts described above constitute unfair competition in violation of

104665489.1

California Business and Professions Code § 17200 *et seq*., as they are likely to deceive the public.

79.    Defendant's acts of unfair competition have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law for Defendant's unfair competition.

80.    Plaintiff is entitled to a judgment enjoining and restraining Defendant from engaging in further acts of unfair competition.

## FIFTH CAUSE OF ACTION
## COMMON LAW PASSING OFF AND UNFAIR COMPETITION

81.    Plaintiff repeats the allegations of paragraphs 1-54, 55-68, 69-72, 73-76, and 77-80 as if fully set forth herein.

82.    Defendant's unauthorized use of the AGI HOUSE and AGI HOUSE SF marks and trade names constitutes passing off and unfair competition in violation of the common law of California.

83.    As well as deceiving the public, Defendant's wrongful acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law.

84.    On information and belief, Defendant's actions were undertaken intentionally to obtain an unfair advantage over Plaintiff and in conscious disregard of Plaintiff's rights, and were malicious, oppressive, and/or fraudulent.

85.    Plaintiff is entitled to a judgment enjoining and restraining Defendant from engaging in further acts of passing off and unfair competition.

## SIXTH CAUSE OF ACTION
## REFUSAL OF TRADEMARK APPLICATION
## (15 U.S.C. § 1119)

86.    Plaintiff repeats the allegations of paragraphs 1-54, 55-68, 69-72, 73-76, 77-80, and 81-85 as if fully set forth herein.

87.    This Court has the authority under 15 U.S.C. § 1119 to determine Defendant's right to registration of the AGI HOUSE mark covered by Defendant's

Trademark Application, which is currently pending at the USPTO.

88.    The AGI HOUSE mark covered by Defendant's Trademark Application so resembles AGI House's AGI HOUSE Mark and trade name as to be likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers as to the source or origin of Defendant's Services.    Defendant's Trademark Application should therefore be refused registration under 15 U.S.C. § 1052(d).

89.    In addition, and as an independent basis for refusal, as of the February 21, 2024 filing date of Defendant's Trademark Application, Defendant had not used the AGI HOUSE mark in connection with "Business advisory services; business incubator and accelerator services, namely, providing workspace containing business equipment to early stage businesses; business networking services; organizing business networking events in the field of venture capital funding, technology; business networking services, namely, matching potential private investors with early stage businesses needing funding; Business consulting, management, and planning services in the field of early-stage businesses, technology; Assistance, advisory services and consultancy with regard to business planning, business analysis, business management, business organization, marketing and customer analysis" and "Venture capital services, namely, providing financing to emerging and start-up companies; Providing venture capital, development capital, private equity and investment funding."

90.    Because Defendant's Trademark Application was filed on a "use" basis under 15 U.S.C. § 1051(a), and because Defendant did not have use in commerce of the mark for all of the applied-for services as of the application's filing date, the application should be refused.

91.    Pursuant to 15 U.S.C. § 1119, AGI House petitions the Court to issue an order certified to the Director of the USPTO to refuse registration of Defendant's Trademark Application on both of the two independent grounds outlined above.

104665489.1

## SEVENTH CAUSE OF ACTION
### DECLARATION THAT PLAINTIFF IS ENTITLED TO MAINTAIN FEDERAL REGISTRATION OF ITS AGI HOUSE MARK
#### (28 U.S.C. § 2201 and 15 U.S.C. § 1119)

92.    Plaintiff repeats the allegations of paragraphs 1-54, 55-68, 69-72, 73-76, 77-80, 81-85, and 86-91 as if fully set forth herein.

93.    This Court has authority under 28 U.S.C. § 2201 and 15 U.S.C. § 1119 to determine Plaintiff's right to federally register its AGI HOUSE Mark.

94.    Because Plaintiff has priority in its AGI HOUSE Mark, Plaintiff is entitled to maintain Plaintiff's AGI HOUSE Registration.

95.    Because Plaintiff has priority in its AGI HOUSE Mark, the TTAB Cancellation Proceeding should be dismissed with prejudice.

## VII.  <u>PRAYER FOR RELIEF</u>

AGI House prays for relief as follows:

A.    Entry of an order and judgment requiring that Defendant, his agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, be permanently enjoined and restrained from using the marks, names and/or domain names AGI HOUSE and AGI HOUSE SF in word or design form, <u>agihouse.ai</u>, and any other mark, trade name, fictitious business name, company name, domain name, or designation that is identical or confusingly similar to the AGI HOUSE Mark, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

B.    A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

C.    A judgment ordering Defendant to take all steps necessary to cancel any trademark application or registration he may have in the United States that

includes the words or is confusingly similar to AGI HOUSE, specifically including U.S. Trademark Application Serial No. 98412996;

D.    A judgment declaring that Plaintiff is entitled to maintain registration of its U.S. Trademark Registration No. 7582685 on the Supplemental Register and that TTAB Cancellation No. 92087769 be dismissed with prejudice;

E.    A judgment ordering Defendant to take all steps necessary to cancel or transfer to AGI House, in AGI House's sole discretion, the agihouse.ai domain name, and any other domain name including the letter string AGI HOUSE in the possession or control of Defendant, and to remove all references to AGI HOUSE from all of his other websites and social media;

F.    A judgment in the amount of AGI House's actual damages, the profits of Defendant, AGI House's reasonable attorneys' fees and costs of suit under 15 U.S.C. § 1117;

G.    A judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate;

H.    A judgment for pre-judgment and post-judgment interest, as appropriate; and

I.    A judgment granting Plaintiff such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38.

Respectfully submitted,

AGI HOUSE, LLC

DATED: July 9, 2025    By:  */s/ Colby B. Springer*
Colby B. Springer
**POLSINELLI** *LLP*
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111

Melenie Van
**POLSINELLI** *LLP*
2049 Century Park East, Suite 2900
Los Angeles, CA  90067

Kate W. McKnight
Travis Wimberly
**PIRKEY BARBER PLLC**
1801 East 6th Street, Suite 300
Austin, TX 78702

Attorneys for AGI House, LLC

104665489.1

# EXHIBIT A

 **NEOGENESIS**



## Join our Community

NeoGenesis is a community house and space for some of the most exceptional founders, researchers, scientists, and technologists in Hillsborough, CA. We have venture-backed founders working in NLP, longevity, crypto, and more, and our residents go on to work together on projects even after leaving the house. We also host events weekly such as book discussions, social events, and tech conferences.

Please fill out this form indicating your interest in the community and we'll reach out for more information!

Feel free to email genesishousehillsborough@gmail.com with any questions.

Name *

 Airtable

# EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# AGI House

**Reg. No. 7,582,685**
**Registered Nov. 26, 2024**
**Int. Cl.: 35, 36**
**Service Mark**
**Supplemental Register**

AGI HOUSE, LLC.  (California LIMITED LIABILITY COMPANY)
1868 FLORIBUNDA AVE.
HILLSBOROUGH, CALIFORNIA 94010

CLASS 35: Business advisory services; business incubator and accelerator services, namely, providing workspace containing business equipment to early stage businesses; business networking services; organizing business networking events in the field of venture capital funding, technology; business networking services, namely, matching potential private investors with early-stage businesses needing funding; Business consulting, management, and planning services in the field of early-stage businesses, technology; Assistance, advisory services and consultancy with regard to business planning, business analysis, business management, business organization, marketing and customer analysis

FIRST USE 2-00-2023; IN COMMERCE 2-00-2023

CLASS 36: Venture capital services, namely, providing financing to emerging and start-up companies; Providing venture capital, development capital, private equity and investment funding

FIRST USE 2-00-2023; IN COMMERCE 2-00-2023

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 98-350,586, FILED P.R. 01-10-2024; AM. S.R. 08-15-2024



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office

